JONES, Justice.
This is an appeal from a final judgment entered in favor of the defendant, Eric Baum. The plaintiff sued for rent due on property leased to Baum. The trial court entered the following order:
“This cause coming on to be heard on the pleadings filed by the parties, a hearing held on September 9, 1987, with both parties being present and represented by counsel and the following individuals testified at said hearing:
“1. David Clokey, the Plaintiff
2. Dr. Eric W. Baum, the Defendant
3. Betty Batson
4. Jo Johnson
“After the completion of the testimony and the introduction of the exhibits, the plaintiff filed a trial brief on September 30, 1987, and the defendant filed a trial brief on October 21, 1987, and the plaintiff filed a reply brief on November 12, 1987, and the Court having considered all of the above, hereby makes the following ruling:
“FINDINGS OF FACT
“1. In early 1982, the defendant, Dr. Eric W. Baum, a Board certified dermatologist, contacted Betty Batson, a real *67 estate agent at Joe Steele Realty Company, and requested that she show him houses and offices available for rent.
“2. Mrs. Batson showed the defendant an office at 525 South 3rd Street. The defendant decided to rent the office if certain repairs were made.
“3. The defendant and his stepfather examined the property in question to determine what repairs and improvements were needed.
“4. The defendant and his stepfather met with plaintiff at plaintiffs office at Joe Steele Realty. Mrs. Betty Batson was present at this meeting.
“5. At the time of the above referenced meeting, the property was owned by Dr. Andrew M. Brown. The plaintiff was the agent leasing said property for Dr. Brown. This meeting was in June 1982. In March 1984, the plaintiff and Nellie Guzzo purchased said property by warranty deed with right of survivorship. On September 13, 1985, Mrs. Guzzo died and the plaintiff became the sole owner of the premises.
“6. At the above referenced meeting, a ‘Lease Agreement with Option to Buy’ was prepared by the plaintiff. A form Contract of Sale was used and the words ‘Lease Agreement with Option to Buy’ was written in along with other language. Said Agreement is Plaintiff’s Exhibit One (1).
“7. The following language was written in the Lease by the plaintiff after the first paragraph:
“ ‘This property to be leased for 12 months at $600 per month with option to buy at $240,000, first refusal to be given to Lessee after 12 months if Lessee still in use of premises. If option to purchase not exercised, then Lessee to have option to release for 3 additional years with lease amount to escalate each year at percentage rate of cost of living index of U.S. Government. Lease to begin July 10, 1982 and payment due on 10th of month thereafter.’
“8. The following language was written on the third paragraph of the lease agreement — part of the following language was written in by the plaintiff and that part written in by the plaintiff is underlined as follows:
“ ‘Lessee has paid to the undersigned Joe Steele Realty, Agents, receipt whereof is hereby acknowledged by Agents, $600.00, first month lease, ... The sum of one dollar in the event the lessee fails to carry out and perform the terms of this agreement, ..., shall be forfeited as liquidated damages.... Both parties shall release each other.’
“9. Defendant took possession of the premises on or about July 10, 1982, and paid rent on said premises in the amount of $600.00 per month pursuant to said lease agreement.
“10. At end of initial 12-month period, defendant continued to rent the premises and pay rent at a rate of $600.00 per month. Defendant did not exercise the option to purchase the property.
“11. On September 3, 1984, approximately fourteen (14) months after the initial one year term had ended, the defendant wrote the plaintiff advising the plaintiff he intended to vacate the premises on November 9, 1984, approximately sixteen (16) months after the initial one year term had ended.
“CONCLUSIONS OF LAW
“The undersigned has carefully considered the testimony and the post-trial briefs submitted by the parties.
“The undersigned compliments the attorneys for their excellent legal briefs.
“After considering the above referenced testimony, it is ORDERED, ADJUDGED AND DECREED as follows:
“1. The undersigned finds that after the initial twelve (12) month period, the defendant rented the premises on a month-to-month basis. The court finds that the defendant did not exercise his option to re-lease the premises. The undersigned finds that the general principle cited in 50 Am.Jur.2d Landlord and Tenant § 1190 (1970) applies to the fact situation in the present case:
*68 “ ‘[Wjhile the mere continuance of occupancy by the tenant or lessee after the expiration of the lease period is ordinarily accepted as the exercise of the option reserved in the lease to occupy the premises for an additional term the presumption of an exercise of the option ordinarily arising from the mere fact of holding over is not conclusive, and where it is rebutted, the holding over is not to be accepted as an exercise of the option. Thus, if the lease provides for an additional term at an increased rental, and after the expiration of the lease period the tenant holds over and pays the increased rental, this is affirmative evidence on his part that he has exercised the option to take the lease for an additional term; but where, under such a lease, the tenant holds over after the expiration of the original term and does not pay the increased rental as provided by the lease, but continues to pay the original rental, which is accepted by the lessor, this negates the idea of acceptance of the privilege on an additional term. Under certain circumstances the lessee holding over will occupy the status as a tenant at will.’
“2. The undersigned further finds that the sixty (60) day notice to vacate given by the defendant to the plaintiff was sufficient notice.
“3. The agreement in question (plaintiff’s exhibit 1) was prepared by the plaintiff. The contract is plain and clear in its terms and the undersigned is enforcing the contract as written by the plaintiff.
“4. The undersigned has considered the arguments concerning the limitation of liability clause and the alleged failure to repair the premises but, based on the ruling set out above, does not need to make a ruling on these issues, as the undersigned has held the defendant was a tenant under a month-to-month tenancy and the defendant gave the plaintiff adequate notice (sixty days) of intent to vacate, and it is
“ORDERED, ADJUDGED AND DECREED that:
The undersigned hereby enters a JUDGMENT FOR THE DEFENDANT, ERIC W. BAUM, and assesses the court costs to the plaintiff.
“Done this 22nd day of December 1987.
“s/ William H. Rhea III, Circuit Judge”
It is well settled that “the decision of a trial judge, sitting without a jury, upon disputed facts presented orally, will be affirmed on appeal if it is fairly supported by credible evidence under any reasonable aspect, and is not palpably wrong or manifestly unjust.” Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71 at 73 (Ala.1985). The judgment of the trial court is well supported by the evidence and the law. Therefore, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.